IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
et al.,                                    NO.  MISC.S-05-0018 DAD

       Petitioners,

  v.                                       ORDER

JOEL T. HILBERT,

       Respondent.
_____/

       This matter came before the court on November 4, 2005, for hearing on an order to show cause re civil contempt for failure to comply with this court's order enforcing two administrative summonses issued by the Internal Revenue Service ("IRS").  Kendall Newman appeared on behalf of petitioners United States of America and Revenue Officer Charles Duff.  Helga White appeared on behalf of respondent Joel T. Hilbert, who previously had been proceeding pro se.  After considering all written materials submitted with respect to the order to show cause, and after hearing oral argument, for the reasons discussed on the record and set forth below, the court

1

continued the hearing on the order to show cause to afford respondent a final opportunity to fully comply with court's order filed April 14, 2005.

## PROCEDURAL BACKGROUND

Petitioners initiated this action by filing a petition to enforce IRS summonses on January 18, 2005. By order filed February 4, 2005, respondent was directed to show cause at hearing why those summonses should not be order enforced. At the April 8, 2005, show cause hearing, respondent, proceeding pro se, and petitioners, appearing through counsel, appeared and represented to the court that they had informally resolved this matter. Accordingly, the show cause hearing was dropped from the court's calendar and by order filed April 14, 2005. Pursuant to stipulation and order, the two IRS summonses were enforced and respondent was directed to appear before a revenue officer to give testimony and provide documents. The parties having consented to proceed before the undersigned magistrate judge, that order also reassigned this matter to the undersigned for all further proceedings pursuant to 28 U.S.C. § 636(c).

Following respondent's non-compliance with the April 14, 2005, order, petitioners filed their verified petition re civil contempt on September 16, 2005. The undersigned issued the order to show cause re contempt on September 26, 2005. That order was filed and served on all parties the next day. Accordingly, the record indicates that respondent has been provided with notice of the contempt proceedings. Respondent does not challenge that notice and, as indicated above, he personally appeared along with his newly

2

1  retained counsel at the hearing on the order to show cause re
2  contempt.

### LEGAL STANDARDS

"'[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt."' Spallone v. United States, 493 U.S. 265, 276 (1990)(citation omitted); see also United States v. United Mine Workers of America, 330 U.S. 258, 303-304 (1947); United States v. Ayres, 166 F.3d 991, 994 (9th Cir. 1999). A civil contempt sanction such as the one sought here is coercive, designed to force the contemnor to comply with an order of the court and must include a "purge" condition. Cunningham v. Hamilton County, Ohio, 527 U.S. 198, 207-08 (1999); Ayres, 166 F.3d at 997; Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992). To support a judgment of contempt, the district court must find, based on clear and convincing evidence, that the party violated the order; the violation did not constitute "substantial compliance" with the order; and the violation was not based on a good faith and reasonable interpretation of the order. Ayres, 166 F.3d at 994; In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

"Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." Ayres, 166 F.3d at 995 (quoting International Union, United Mine Workers of America v. Bagwell, 512 U.S. 821, 831 (1994). Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor

proof beyond a reasonable doubt is required." Id. (quoting Bagwell, 512 U.S. at 827). See also Thomas, Head and Greisen Employees Trust v. Buster, 95 F.3d 1449, 1458 (9th Cir. 1996)(rejecting argument that evidentiary hearing is required so that alleged contemnor may explain why court should not make contempt finding).

A challenge to the validity of the order the contemnor is alleged to have violated cannot excuse a failure to comply with that order. "It is a 'long-standing rule that a contempt proceeding does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy.'" Ayres, 166 F.3d at 995 (quoting United States v. Rylander, 460 U.S. 752, 756-57 (1983)).

## ANALYSIS

The two summonses at issue in this case seek testimony and records from respondent regarding the tax liabilities of JTH Construction, Inc. for the calendar years 1998 through 2003 and JTH Framing, Inc. for the calendar years 2002 through 2003, respectively. (See Pet. to Enforce IRS Summonses, Exs. A & B.) The April 14, 2005, order of this court enforced those summonses and directed respondent to appear before a revenue officer to give testimony and produce records.

According to petitioners' verified petition re civil contempt, respondent appeared before a revenue officer on May 24, 2005, as required by the court's order. At that time respondent sought and received a continuance to produce records and re-appeared on June 15, 2005, at which time he fully complied with the summons

1 regarding JTH Construction, Inc.  However, respondent sought and
2 received another continuance from petitioners for compliance with
3 respect to the summons seeking JTH Framing, Inc. records.  Pursuant
4 to this agreement with petitioners, respondent re-appeared on July
5 19, 2005, but did not produce the required records, blaming unforseen
6 family events in this regard.  Accordingly, petitioners and
7 respondent arranged yet another continuance to August 25, 2005, for
8 the production of the JTH Framing, Inc. documents.  However,
9 respondent did not appear on August 25, 2005, leaving petitioners a
10 voice mail message on the morning of August 25 reporting that a
11 family emergency had arisen.  According to petitioners' verified
12 petition re civil contempt, respondent has yet to comply with the
13 court's order as to the JTH Framing, Inc. documents.

14        In addition to their verified petition re civil contempt,
15 petitioners have submitted correspondence between petitioners and
16 respondent regarding the various continuances agreed to by the
17 parties.  Those documents support petitioners' version of events,
18 which stands undisputed.  Further, while respondent managed to appear
19 at the civil contempt proceeding before the court, he failed to file
20 a written response to the order to show cause re contempt as
21 required.  (See Order to Show Cause filed September 27, 2005.)  There
22 also is no evidence of "substantial compliance" with the court's
23 order, In re Dual-Deck Video Cassette Recorder Antitrust Litig., 10
24 F.3d at 695; "a present inability to comply," Ayres, 166 F.3d at 994;
25 or any other defense against a finding of contempt, and respondent
26 asserts no such defense.  Accordingly, the court finds that clear and

convincing evidence demonstrates that respondent has violated the court's April 14, 2005, order.

Nonetheless, in light of respondent's personal and financial difficulties discussed at the hearing, and considering that respondent is now represented by counsel, the court will afford respondent one final opportunity to file the delinquent returns at issue in this case and complete the required production of documents as directed by this court's order filed April 14, 2005.  If respondent has not fully complied with the April 14, 2005, order by the time the continued hearing on this matter commences, it is the court's intention to issue a finding of civil contempt at that time and incarcerate respondent as a coercive sanction until full compliance with the court's order is achieved.

"[I]n determining how large a coercive sanction should be the court should consider the 'character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction.'"  General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380 (9th Cir. 1986) (quoting United Mine Workers, 330 U.S. at 304).  In this regard, the court recognizes that respondent's failure to comply with the court's order allegedly is due to unforseen family circumstances, including at least one "emergency."  Also, until now respondent has been proceeding pro se and he has not flouted the court's order completely.  In this regard, he has physically appeared before the revenue officer on more than one occasion and it is undisputed that he has complied with one of the two summonses at issue.  Nonetheless, respondent still has failed to

6

comply with an order of this court that was issued more than six months ago and has made inconsistent representations to petitioners and the court with respect to his compliance efforts.  Respondent also failed to respond in writing to the court's order to show cause re contempt as required.  Accordingly, the court finds that incarcerating respondent, in the event he has not fully complied with the court's order by the time of the continued hearing, is appropriate and likely to effectuate compliance with the court's order.  See S.E.C. v. Elmas Trading Corp., 824 F.2d 732 (9th Cir. 1987)(holding district court did not abuse its discretion in adjudging party in civil contempt and ordering him incarcerated until required documents produced).  The court has considered the imposition of monetary sanctions against respondent for each day he continues to fail to comply with the April 14, 2005, order.  However, in the court's judgment such a coercive sanction is not likely to effectuate compliance with the court's order due to respondent's already difficult financial situation.

**CONCLUSION**

Accordingly, for the reasons set forth above IT IS HEREBY ORDERED[1] that:

---

[1] The parties having consented to proceed before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c), it is not necessary -- as suggested by petitioners in their petition re civil contempt -- to certify facts to the assigned district judge so that he may conduct an evidentiary hearing as to why respondent should not be held in contempt.  See 28 U.S.C. § 636(e)(4)("In any case in which a United States magistrate judge presides with the consent of the parties under subsection (c) of this section ... the magistrate judge may exercise the civil contempt authority of the district court.").

1. The hearing on the order to show cause re civil contempt is continued to **November 29, 2005,** at **10:00 a.m.** in Courtroom no. 27 before the undersigned;

2. Respondent will be afforded one final opportunity to comply with this court's order filed April 14, 2005.  If respondent has not fully complied with that order by the time the continued hearing on this matter commences, it is the court's intention to issue a finding of civil contempt at that time and incarcerate respondent until such full compliance occurs;

3. Respondent is directed to personally appear at the November 29, 2005, hearing; and

4. Respondent is further directed to supply a copy of this order to attorney Helga White who is directed to sign and file a confirmation of her appearance as respondent's attorney of record within three (3) court days of the initial hearing on the order to show cause.

DATED: November 7, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddad1/orders.civil/hilbert0018.ord.contempt.rev